UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN B. SMITH and BRADLEY ALEXANDER GEORGE GARNER,<br><br>    Defendants. | CASE NO. CR09-5088BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SMITH'S MOTION TO SUPPRESS STATEMENTS MADE IN VIOLATION OF FIFTH AMENDMENT RIGHT TO COUNSEL |

This matter comes before the Court on Defendant Smith's Motion to Suppress Statements Made in Violation of Fifth Amendment Right to Counsel (Dkt. 50). The Court has considered the pleadings filed in support of and in opposition to the motion, heard the testimony of witnesses and oral arguments of counsel, considered the remainder of the file, and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On November 17, 2008, Plaintiff United States of America filed a criminal complaint against Defendants Steven B. Smith and Bradley Alexander George Garner alleging violations of Sections 1343, 1346, and 1349 of U.S.C. Title 18. Dkt. 1. On March 19, 2009, Defendants were charged in a four-count Superseding Indictment with

ORDER - 1

wire fraud and theft of honest services in violation of 18 U.S.C. §§ 1343 and 1346, mail fraud in violation of 18 U.S.C. § 1341, and unlawful monetary transaction in violation of 18 U.S.C. § 1957. Dkt. 36.

On November 19, 2008, federal agents arrested Defendant Smith at his home. After the arrest, Special Agents Steve Albino and Chris Bjornstad conducted a custodial interrogation. Before the interrogation, the agents informed Defendant Smith of his *Miranda* rights and Defendant Smith signed a written waiver of those rights. Dkt. 57-2 at 4. Defendant Smith then talked to the agents for more than an hour. *See* Dkt. 57-3 (full transcript of recorded discussion ("Tr.")). During the discussion, Defendant Smith claims that he requested an attorney on seven separate occasions. Dkt. 50 at 2. The transcript of the discussion reads, in part, as follows:

> SMITH: . . . I think I should probably be talking to an attorney and, and, being, you know, having him talk to you guys . . . . (Tr. at 15, lines 232-234 (transcript pagination)).
> \*\*\*
> SMITH: OK. And if I decide to elect my option to have an attorney, where does that, where does that put me?
> SA BJORNSTAD: That's your option, if you, if you, if you'd like to have that option, then, you know, we're not, we're not going to have this conversation anymore. I mean, we can't, we can't work with you . . . . (Tr. at 51, lines 1180-1186).
> \*\*\*
> SMITH: . . . I'm just, let me just, just say this, because, I, I think that I, it's best that I at least chat with an attorney . . . . (Tr. at 64, lines 1483-1485).
> \*\*\*
> SMITH: . . . I think the best option for me at this point, is to talk to an attorney. (Tr. at 74, lines 1729-1730).
> \*\*\*
> BJORNSTAD: You said you think you want an attorney, I'm, I'm going to ask you right now, I mean, you know, I've got to know, it's a yes or no question . . . .
> SMITH: Yep. Yep. (Tr. at 75, lines 1753-1757).

On April 10, 2009, Defendant Smith filed a Motion to Suppress Statements Made in Violation of Fifth Amendment Right to Counsel. Dkt. 50. On April 17, 2009, Plaintiff responded. Dkt. 57

On April 22 and 23, 2009, the Court held an evidentiary hearing on this motion. Dkts. 64 and 70.

ORDER - 2

## II. DISCUSSION

The Fifth Amendment provides, in pertinent part, that "[n]o person shall be . . . compelled to be a witness against himself . . . ." U.S. Const. amend V. Before a defendant's self-incriminating statements may be admitted into evidence, "a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda v. Arizona*, 384 U.S. 436, 475 (1966). Only if the "totality of the circumstances surrounding the interrogation" reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived. *Moran v. Burbine* , 475 U.S. 412, 421 (1986).

In this case, Defendant Smith argues that he did not voluntarily, knowingly, and intelligently waive his *Miranda* rights. Dkt. 50 at 5-6. Plaintiff, however, has shown that Defendant Smith knowingly and intelligently signed the written waiver of his constitutional rights. There is no evidence that Defendant Smith did not make an uncoerced choice to sign the waiver and proceed with the interrogation or that Defendant Smith did not possess a requisite level of comprehension as to his waiver. Therefore, the Court denies Defendant Smith's motion to suppress on this issue because he voluntarily, knowingly, and intelligently waived his *Miranda* rights. The next question is whether he subsequently invoked his right to counsel during the interview.

The Supreme Court has held that "[i]f an individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." *Id.* at 473-474. However, an ambiguous invocation of the right to remain silent may not give rise to a *Miranda* violation. *See United States v. Rodriguez*, 518 F.3d 1072, 1077 (9th Cir. 2008). A statement may be ambiguous where it is open to more than one interpretation or reference, or has a double meaning or reference. *See Anderson v. Terhune*, 516 F.3d 781, 787 (9th Cir. 2008).

In this case, the federal agents obtained a written waiver from Defendant Smith of his right to counsel. Defendant Smith then proceeded to talk with the federal agents. While it is true that he used the word "attorney" at least seven times during the discussion, the first three times that he alluded to an attorney were equivocal and ambiguous. For example, he stated that he should "probably be talking to an attorney," that he thought that "it's best that [he] at least chat with an attorney," and that "the best option for [him] . . . is to talk to an attorney." *See supra*. Moreover, he even asked the agents what would happen if he elected his "option to have an attorney . . . ." *Id.* In light of these circumstances, the Court finds that Defendant Smith's statements could have reasonably been interpreted as having more than one meaning and therefore he did not invoke his right to counsel.

On the other hand, when Agent Bjornstad asked Defendant Smith the "yes or no" question whether he wanted his attorney, he replied: "Yep. Yep." *See supra*. The Court finds that this statement was an unequivocal and unambiguous invocation of his right to counsel. Therefore, the Court grants Defendant's Smith motion to suppress on any statement that Smith made during this interview after he affirmatively replied "Yep. Yep." (Tr. 75 at 1757).

Finally, Defendant Smith argues that his statements were deliberately elicited. The Court disagrees because Defendant has failed to show facts that the federal agents deliberately elicited his statements. In fact, the transcript shows that Defendant Smith volunteered statements and continued talking to the agents, virtually uninterrupted, despite expressing general interest in consulting an attorney. It was not until Defendant Smith said "Yep. Yep" that he clearly and unambiguously invoked his right to an attorney. Therefore, Defendant's motion to suppress his statements on these grounds is denied.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant Smith's Motion to Suppress Statements Made in Violation of Fifth Amendment Right to Counsel (Dkt. 50) is **GRANTED in part** and **DENIED in part** as stated herein.

DATED this 27th day of April, 2009.

BENJAMIN H. SETTLE
United States District Judge