UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | CASE NO. CR09-5088BHS |
| v. | |
| STEVEN B. SMITH and BRADLEY ALEXANDER GEORGE GARNER, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SUPPRESS AND GRANTING IN PART AND DENYING IN PART DEFENDANT GARNER'S MOTION FOR DISCOVERY ORDER |
| Defendants. | |

This matter comes before the Court on Defendants' motion to suppress (Dkt. 47) and Defendant Garner's motion for discovery order (Dkt. 69). The Court has considered the pleadings filed in support of and in opposition to the motion, heard the testimony of witnesses and oral arguments of counsel, considered the remainder of the file, and hereby grants in part and denies in part both motions for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On November 17, 2008, Plaintiff United States of America filed a criminal complaint against Defendants Steven B. Smith and Bradley Alexander George Garner alleging violations of Sections 1343, 1346, and 1349 of U.S.C. Title 18. Dkt. 1. On March 19, 2009, Defendants were charged in a four-count Superseding Indictment with

ORDER - 1

wire fraud and theft of honest services in violation of 18 U.S.C. §§ 1343 and 1346, mail fraud in violation of 18 U.S.C. § 1341, and unlawful monetary transaction in violation of 18 U.S.C. § 1957. Dkt. 36.

On November 19, 2008, U.S. Army CID James T. Loeffler obtained a search warrant for the premises known as 79-800 Avenue 42, Bermuda Dunes, CA 92203. Dkt. 48 at 10. The warrant contained an attachment that described the location and areas to be searched, which reads as follows:

> The premises to be searched, hereinafter referred to as the "GARNER BERMUDA DUNES AIRPORT HANGAR" and "GARNER BERMUDA DUNES ROYAL LIMOUSINE SERVICE OFFICE," are more particularly described as follows:
> The PREMISES TO BE SEARCHED consists of the common and privately leased areas of 79-880 Avenue 42, Bermuda Dunes, CA 92203, commonly known as the Bermuda Dunes Airport; privately leased areas leased by Bradley Alexander George Garner and/or the business ROYAL LIMOUSINE SERVICE, entirely owned by Bradley Alexander George Garner. Common areas to include areas ROYAL LIMOUSINE SERVICE, employees of, and BRADLEY ALEXANDER GEORGE GARNER would have access to. Described as an aircraft hangar, which is one of three aircraft hangers on the property of Bermuda Dunes Airport. The GARNER BERMUDA DUNES AIRPORT HANGAR is situated on the eastern most side of the airport. The hangar has no visible distinctive marking, but is a tan hangar with brown trim. The hangar is approximately 300 feet in length by approximately 80 feet in width. On the south-east wall there is an unidentified orange systems box and a gray electrical box. There is a whit door on the south side. Immediately to the south of the structure there is a small fenced enclosure, containing fuel storage tanks that are surrounded by green vegetation. On the east side there are large hangar doors which open to the concrete apron leading to the airport runway. Photographs of the structure exposed during surveillance date 18 nov. 08, depicting GARNER outside the structure are attached in <u>Attachment A</u>.

Dkt. 48 at 45 (emphasis in original).

Mr. Garner states that the search proceeded as follows:

> On November 19, 2008, Special Agent Jason Loeffler of the U.S. Army Criminal Investigations Division submitted an application and affidavit to obtain a warrant to search the "Garner Bermuda Dunes Airport Hangar" and the "Garner Bermuda Dunes Royal Limousine Service Office." *See* Ex. C to Declaration of Lyle A. Tenpenny (search warrant, affidavit, and related papers). While this language refers to Royal Limousine's "office," SA Leoffler's affidavit particularly describes the place to be search only "as an aircraft hangar, which is one of three aircraft hangars on the property of Bermuda Dunes airport" and further notes that Mr. Garner's hangar "is situated on the eastern most side of the airport" and "has no visible distinctive markings, but is a tan hangar with brown trim."

ORDER - 2

> *Id*. The search warrant affidavit describing the place to be searched
> includes a picture of the hangar space the agents sought to search, but
> contains no picture of the trailer (which is some distance from the hangar)
> that was searched. In fact, at an evidentiary hearing, the agents who
> conducted the search would be expected to confirm that the trailer is a 5 to
> 7 minute walk from the hangar. In other words, the trailer is not adjacent
> to, or within the immediate environs of, the hangar described in the
> affidavit. In fact, there is no reference at all in the search warrant affidavit
> to the trailer that the federal agents searched.
>      In a April 8, 2009 telephonic discovery conference, AUSA David
> Jennings acknowledged having received a call on the day of the search from
> agents, who relayed the discovery that Mr. Garner's office was in a
> detached mobile trailer he owned, which was located elsewhere on the
> airport grounds. See Tenpenny Decl. ¶ 4. Upon receiving this call from the
> case agent, AUSA Jennings told the agent that the government would obtain
> a separate warrant to search the trailer. *Id*. SA Loeffler then informed
> AUSA Jennings that agents had already entered and seized records from the
> trailer. *Id*. Recognizing the issue, AUSA Jennings instructed the agents to
> segregate the materials seized from the trailer from the other materials
> seized from the airport that day. *Id*.

Dkt. 47 at 3-4. In its brief, Plaintiff concedes that Mr. Garner "correctly states the facts regarding the search . . . ." Dkt. 55 at 3.

On April 9, 2009, Defendant Garner filed a Motion to Suppress Certain Evidence Seized from Bermuda Dunes Airport. Dkt. 47. On April 16, 2009, Plaintiff responded. Dkt. 55. On April 17, 2009, Defendant Smith joined in Mr. Garner's motion. Dkt. 56.

On April 22 and 23, 2009, the Court held an evidentiary hearing on this motion. Dkts. 64 and 70.

On April 23, 2009, Defendant Garner filed a Supplemental Memorandum in support of his motion. Dkt. 66. On April 24, 2009, Defendant Garner filed a Notice of Discovery Violation Relating to Motion to Suppress Evidence Seized at Bermuda Dunes Airport and Request for Discovery Order. Dkt. 69. Defendant Garner attached to the notice an email from government agent Paul Blake. *Id*. at 14. Agent Blake appears to have sent the email on November 20, 2008, shortly after participating in the airport search. *Id*. Defendant Garner claims that he received the email the day after the evidentiary hearing was completed. *Id*. at 2. With regard to the substance of the email, Agent Blake expresses his concern that the warrant was served "without everyone taking the time to read it" and that the trailer was outside the scope of the warrant. *Id*. at 14-15.

## II. DISCUSSION

**A.     Fourth Amendment Reasonableness**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.  A search is unreasonable under the Fourth Amendment, and thus unconstitutional, if it is performed without proper judicial authorization.  *See Groh v. Ramirez*, 540 U.S. 551, 562-63 (2004).  To determine whether the search of a specific location is within the scope of a valid warrant, courts consider "an objective assessment of the circumstances surrounding the issuance of the warrant, the contents of the search warrant, and the circumstances of the search." *United States v. Hurd*, 499 F.3d 963 (9th Cir. 2007) (citations omitted).

In this case, the parties disagree as to whether the agents properly executed the search warrant.  Defendants argue that the search of the trailer at the airport violated their constitutional rights because the trailer was outside the scope of the warrant.  Dkt. 47 at 4-6; Dkt. 59 at 3-4.  Plaintiff concedes that:

> The Bermuda Dunes search warrant accurately described the business to be searched, and accurately described that it was on the airport premises, but inaccurately described that the business was believed to be primarily located in a hangar.

Dkt. 55 at 6.  Moreover, Plaintiff argues that "[h]ad the warrant contained a single sentence that the Royal Limousine Office was believed to be in a portable trailer, located somewhere on the airport premises, there would be no issue here." *Id*. at 7.  The Court agrees as to the absence of a particular sentence in the search warrant and finds that the warrant does not describe with particularity that the Royal Limousine Office would be found outside of, or a significant distance away from, the leased airport hangar.  Therefore, the Court finds that the search of the Royal Limousine Office trailer violated Defendants' Fourth Amendment rights to be free from unreasonable searches.

Plaintiff argues that suppression of the evidence obtained is not an automatic consequence of an unreasonable search.  Dkt. 55 at 7-9.  Plaintiff asserts that the Court

should rely on the good faith exception announced by the Supreme Court in *United States v. Leon*, 468 U.S. 897 (1984). Defendants counter with the Tenth Circuit's holding in *United States v. Angelos*, 433 F.3d 738 (10th Cir. 2006), that the *Leon* exception does not apply when "the problem lies in the execution, and not the constitutionality, of the search warrant." *Id*. at 746. Although the Court is unaware of any direct Ninth Circuit support for this proposition, the Circuit did explicitly distinguish the *Angelos* holding in *United States v. Hurd*, 499 F.3d 963, 969 n. 6 (9th Cir. 2007). In *Hurd*, the court upheld the district court's denial of the defendant's motion to suppress finding that "it was objectively reasonable for Officer Clifton to believe that Judge Kurshner authorized the search of Hurd's residence, despite [Judge Kurshner's] failure to initial the appropriate line on the search warrant." *Id*. at 969. Specifically, the defendant argued that this holding would create an inter-circuit conflict with *Angelos*, but the court disagreed and stated that *Angelos* was "readily distinguishable."

In this case, the Court finds that the execution of the search warrant was more similar to the *Angelos* scenario rather than the *Hurd* scenario. In other words, it was objectively unreasonable for the officers conducting the search to understand that the scope of the search warrant contemplated that the Royal Limousine Office would have been found outside of, and a significant distance from, the leased airport hangar. Therefore, the Court finds that the *Leon* good faith exception does not apply to overcome the suppression of the evidence seized from the trailer in violation of the Defendants' constitutional rights.

**B.     Extent of Suppression**

"Ordinarily, only evidence that is obtained in violation of a warrant is suppressed." *United States v. Chen*, 979 F.2d 714, 717 (9th Cir.1992). However, "in cases where there is 'flagrant disregard' for the terms of the warrant, the district court may suppress all of the evidence, including evidence that was not tainted by the violation." *Id*. Wholesale suppression is an "extraordinary remedy" that is appropriate

1  "only when the officers transform the search into an impermissible general search by
2  ignoring the terms of the warrant and engaging in indiscriminate fishing." *Id.*

3  In this case, Defendants request that the Court suppress all the evidence seized from the Bermuda Dunes Airport search because the agents conducted the search in flagrant disregard of the terms of the warrant. Dkt. 66 at 1. Although the Court finds that the agents conducted an unconstitutional search outside the particular terms of the warrant, the Court does not find that the agents conducted an impermissible general search that can be characterized as indiscriminate fishing. In fact, the warrant states that the agents were authorized to search the Royal Limousine Office if the office was inside the particularly described hangar. The fact that the agents searched the office that was located in a trailer some distance away from the airport hangar does not show that they conducted a "general search" of the airport. Moreover, the Court finds that the agents did not conduct an "indiscriminate fishing" expedition when they searched this trailer office. Therefore, the Court denies Defendants' request to suppress all of the evidence that was seized from the search of the Bermuda Dunes Airport.

**C.  Discovery Order**

Defendant Garner requests that:

> In light of the production of Agent Blake's email, Mr. Garner requests that the Court enter an order directing each agency involved in the Bermuda Dunes Airport search to produce all notes, email, memoranda, reports or other documents relating to the search. The order should also require the agent-in-charge of each office involved in the search to sign a certification that a diligent search for such materials has been conducted and that all materials as a result of that search have been produced to the prosecutor for delivery to the defense.

Dkt. 69 at 4. With regard to the former request, Plaintiff informed the Court during a conference call that it is implementing measures to comply with this request despite the current absence of a Court order. In light of the late discovery of Agent Blake's email, the existence and non-disclosure of a video from the search, and the fact that Defendants have received nothing from the lead agent, Agent Loeffler, from this search, the Court finds that it is necessary to enter an order specifically requiring Plaintiff to comply with

ORDER - 6

its discovery obligations as to this particular search. Therefore, the Court grants Defendant Garner's motion as to this request.

On the other hand, the Court finds that it is unnecessary, at this time, to order every agent-in-charge to certify that a diligent search for such materials has been conducted. Therefore, the Court denies Defendant Garner's motion as to this request.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' motion to suppress (Dkt. 47) is **GRANTED in part** and **DENIED in part** as stated herein and that Defendant Garner's motion for discovery order (Dkt. 69) is **GRANTED in part** and **DENIED in part** as stated herein.

DATED this 27th day of April, 2009.

BENJAMIN H. SETTLE
United States District Judge