UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN B. SMITH and BRADLEY ALEXANDER GEORGE GARNER,<br><br>Defendants. | CASE NO. CR09-5088BHS<br><br>ORDER DENYING DEFENDANT GARNER'S MOTION TO SUPPRESS AND FOR EVIDENTIARY HEARING TO DETERMINE VOLUNTARINESS |

This matter comes before the Court on Defendant Garner's Motion to Suppress and for Evidentiary Hearing to Determine Voluntariness (Dkt. 51). The Court has considered the pleadings filed in support of and in opposition to the motion, heard the testimony of witnesses and oral arguments of counsel, considered the remainder of the file, and hereby denies the motion for the reasons stated herein.

## I. FINDINGS OF FACT

1. On November 17, 2008, Plaintiff United States of America filed a criminal complaint against Defendants Steven B. Smith and Bradley Alexander George Garner alleging violations of Sections 1343, 1346, and 1349 of U.S.C. Title 18. Dkt. 1. On March 19, 2009, Defendants were charged in a four-count Superseding Indictment with

ORDER - 1

wire fraud and theft of honest services in violation of 18 U.S.C. §§ 1343 and 1346, mail fraud in violation of 18 U.S.C. § 1341, and unlawful monetary transaction in violation of 18 U.S.C. § 1957. Dkt. 36.

2. On November 19, 2008, federal agents searched the home of Defendant Garner, which was located at 76854 Castle Court, Palm Desert, California. Defendant's wife, Stephanie Garner, was present during the search.

3. The federal agents had a warrant to search the Garners' house. The warrant did not authorize the seizure of computers or other electronic storage devices.

4. The federal agents did not advise Mrs. Garner of her *Miranda* rights and they did question her during the search.

5. Mrs. Garner answered some questions and then informed the agents that she needed to find an attorney because her husband had been arrested and taken into custody at the beginning of the search.

6. After a couple hours of the search, the agents asked Mrs. Garner about her personal computers – a Dell laptop located on a table downstairs in the house ("Dell Laptop") and a Compaq desktop computer, which was unplugged and located in a room upstairs ("Compaq Desktop").

7. At some time after Mrs. Garner requested an attorney, a federal agent, Carlos Vasquez, approached Mrs. Garner with a form titled "Consent to Search."

8. There was no evidence that either Agent Vasquez or any other agent threatened Mrs. Garner during the search of her residence.

9. No agent had a weapon drawn during the interaction between Agent Vasquez and Mrs. Garner.

10. Agent Vasquez filled out the "Consent to Search" forms for the Dell Laptop and the Compaq Desktop. He then approached Mrs. Garner, explained to her that he needed her consent to search these computers, and that he couldn't search the computers without her consent.

1      11.    Although Mrs. Garner testified that she did not recall whether Agent Vasquez asked her to read the forms, Agent Vasquez testified that he specifically asked her to read the forms. He further testified that she read the forms, that she understood the contents of the forms, and that she had no questions about the forms.

12.    After Mrs. Garner signed the forms, the agents imaged the hard drives of both computers.

13.    Federal agents subsequently determined that the Dell Laptop was one of the computers originally belonging to the National Aeronautics and Space Administration.

14.    The government has not obtained incriminating evidence from the Compaq Desktop.

## II. CONCLUSIONS OF LAW

**A.    Standing**

1.    Defendants do not have standing to contest the search of the Dell Laptop because neither Defendant has an ownership interest in the Dell Laptop. The Dell Laptop belongs to the government.

2.    Although the Compaq Desktop was owned by the Garners and was used by Defendant Garner, this issue is moot because the government failed to obtain any incriminating evidence from this computer. Therefore, there is no evidence to suppress.

**B.    Voluntariness**

3.    Even if either Defendant had an expectation of privacy in the Dell Laptop, Mrs. Garner's consent was voluntary. Mrs. Garner was not in custody when Agent Vasquez presented the "Consent to Search" form, *Miranda* warnings were not required, the form clearly stated that she did not have to consent to the search of the computers, and the form was not presented in a threatening manner.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant Garner's Motion to Suppress and for Evidentiary Hearing to Determine Voluntariness (Dkt. 51) is **DENIED**.

DATED this 27th day of April, 2009.

BENJAMIN H. SETTLE
United States District Judge